**Frank M. OCKERMAN, et al.**

v.

**MAY ZIMA & CO., et al.**

**No. 3-85-1190.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 10, 1988.

Richard H. Adams, Jr., Robert Anthony, Orlando, Fla., John W. Wagster, Hollins, Wagster & Yarbrough, P.C., Nashville, Tenn., for plaintiffs.

E. Clifton Knowles, Bass, Berry & Sims, John P. Branham, Eugene J. Honea, Howell, Fisher, Branham & North, Gayle Malone, Jr., Christopher Was, Douglas Fisher, Thomas Pickney, Jr., Howell, Fisher, Branham & North, Nashville, Tenn., Buckner P. Wellford, Albert C. Harvey, F. Wallace Pope, Jr., Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, Tenn., Lin S. Howard, Glenn B. Rose, Harwell, Barr, Martin & Stegall, Kenneth R. Jones, Jr., O'Hare, Sherrard & Roe, Robert S. Patterson, Boult, Cummings, Conners & Berry, Nashville, Tenn., Bryson Hill, Jr., Huntsville, Ala., Winston S. Evans, Evans, Jones & Reynolds, Nashville, Tenn., Lewis W. Page, Lange Simpson Robinson & Somerville, Birmingham, Ala., Robert M. Garfinkle, McMackin, Garfinkle & McLemore, Nashville, Tenn., for defendants.

Thomas J. Guilday, Huey, Gilday, Kuersteiner & Tucker, P.A., Tallahassee, Fla., pro se.

## MEMORANDUM

JOHN T. NIXON, District Judge.

The Court is in receipt of two Reports and Recommendations from the Magistrate and objections filed thereto by the parties. In the October 9, 1987, Report and Recommendation, the Magistrate recommends that the motion to dismiss filed by Parker, Hudson, Ranier, Dobbs & Kelly ("Parker, Hudson") be denied. In the November 17, 1987, Report and Recommendation, the Magistrate recommends that the motion to dismiss filed by Bone & Woods be denied. The Court now considers each of these separately.

### I. OCTOBER 9 REPORT AND RECOMMENDATION

Parker, Hudson is one of 18 defendants named in the complaint. It is an Atlanta law firm that acted as bond counsel in connection with the sale of the bonds that are at issue in this lawsuit, and allegedly acted as fiduciary to bond purchasers. In its motion to dismiss, Parker, Hudson asserts that plaintiff has failed to state a claim upon which relief can be granted as follows: (1) count 2 of the complaint makes no allegations against Parker, Hudson; (2) count 1 is time-barred; (3) count 1 fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure; and (4) count 1 fails to plead reliance by plaintiff and the members of the class.

Of these claims, there is no dispute that Parker, Hudson is not named in count 2 of the complaint. Accordingly, only the latter three contentions must be addressed by the Court.

### A. *Statute of Limitations*

■ Parker, Hudson's first contention is that count 1 is time-barred. Parker, Hudson argues that either a one-year or a two-year statute of limitations period found in the Tennessee Blue Sky Law, Tenn.Code Ann. § 48–2–122(h), is applicable to plaintiff's claim pursuant to Rule 10b–5 of the Securities and Exchange Commission. The Magistrate recommends that the three-year statute of limitations for Tennessee common-law fraud and deceit claims be applied to plaintiff's Rule 10b–5 claim.

In making his determination, the Magistrate relied heavily on the holding in *Media General, Inc. v. Tanner*, 625 F.Supp. 237 (W.D.Tenn.1985). In that case, the District Court for the Western District of Tennessee stated:

In view of the differences between causes of action under 10(b) and 10b–5 and the Tennessee Blue Sky Laws, and the similarities between actions under the federal laws and Tennessee common law action of deceit, the Court concludes that the three year statute of limitations period governing common law deceit claims is the applicable state statutory period.

*Id.* at 247. More recently, the District Court for the Eastern District of Tennessee arrived at an opposite conclusion in *Haney v. Dean Witter Reynolds, Inc.*, Docket No. CIV–1–85–531 (E.D.Tenn. August 20, 1986) [available on Westlaw, 1986 WL 21340].

This Court finds that the better rule was articulated in the *Haney* case and that section 48–2–121 of the Tennessee Code Annotated is the state statute that is most analogous to Rule 10b–5. Indeed, these provisions are almost identical. Rule 10b–5 provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Section 48–2–121(a) provides:

> It is unlawful for any person, in connection with the sale or purchase of any security in this state, directly or indirectly:
>
> (1) To employ any device, scheme, or artifice to defraud;
>
> (2) To make any untrue statement of a material fact or to omit to state a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
>
> (3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

The elements of a cause of action for deceit also are very similar to Rule 10b–5, but inasmuch as the Tennessee General Assembly enacted the Tennessee Blue Sky Law to make unlawful fraudulent acts in connection with the sale or purchase of securities, the Court finds that this is the most analogous state statute. Therefore, the applicable statute of limitations is set forth in section 48–2–122(h) of the Tennessee Code Annotated, which provides:

> No action shall be maintained under this section unless commenced before the expiration of two (2) years after the act or transaction constituting the violation or the expiration of one (1) year after the discovery of facts constituting the violation, or after such discovery should have been made by the exercise of reasonable diligence, whichever first expires.

■ Having determined that § 48–2–122(h) provides the applicable statute of limitations, the Court now must consider when the statute began to run. Defendant argues that the statute began to run on August 4, 1983, when the official statement was released, which date is more than two years before this action was instituted on October 15, 1985. Plaintiff contends that the statute did not begin to run until August of 1985 when the Bowling Green project defaulted, which date is less than three months before this action was instituted. In the Court's view, the date upon which the statute began to run is a genuine issue of material fact. Accordingly, on this basis, the Court must DENY Parker, Hudson's motion for summary judgment as to this claim.

### B. *Particularity of Pleadings as to Fraud Claim*

Parker, Hudson's second contention is that count 1 fails to plead fraud with par-

ticularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court, having reviewed the pleadings, agrees with the Magistrate that they are sufficiently particular. Accordingly, the court must DENY Parker, Hudson's motion for summary judgment as to this claim.

### C. *Reliance*

Parker, Hudson's final contention is that count 1 fails to plead reliance by plaintiff and the members of the class. Inasmuch as plaintiff's complaint specifically alleges that plaintiff and other members of the class relied directly or indirectly on the official statement, the Court, like the Magistrate, finds that this contention is not well taken. Accordingly, the Court must DENY Parker, Hudson's motion for summary judgment as to this claim.

### II. NOVEMBER 17 REPORT AND RECOMMENDATION

■ Bone & Woods also is one of the 18 defendants named in the complaint. It is a Nashville law firm that performed legal services for Retirement Village of Bowling Green, Ltd. In its motion to dismiss or, in the alternative, for summary judgment, Bone & Woods asserts that plaintiff has failed to state a claim upon which relief can be granted.

Bone & Woods contends that its sole involvement with respect to the bond sale was to represent and provide legal services to Retirement Village. It states that it did not issue any opinion letter, it made no assertions or other statements to the investing public concerning the bonds at issue in this litigation, it had nothing to do with marketing the bonds, and it was not an actor in the securities market. Plaintiff responds that defendant's motion must be denied because there is a set of facts that provide a basis for a finding that defendant was liable and discovery is not yet complete.

The Court finds, as did the Magistrate, that the facts surrounding this case are not yet fully developed and that plaintiff has asserted a claim that is legally cognizable.

As a result, the motion to dismiss or, in the alternative, for summary judgment, filed by Bone & Woods is DENIED with leave to refile the motion once discovery is completed.

### III. SUMMARY

This is a civil action under § 10 of the Securities Exchange Act, 15 U.S.C. § 78a, *et seq.* and Rule 10b–5 of the Securities and Exchange Commission, and a class has been certified. Pending before the Court are motions by two law firms, Parker, Hudson, Ranier, Dobbs & Kelly and Bone & Woods, for dismissal and, in the case of Bone & Woods, summary judgment. In this Memorandum, the Court finds that the motions are not well taken and are DENIED.